FILED

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION**

08 APR -9 AM 11:00

CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

HARRY BRILL and PATRICIA BRILL,

Plaintiffs,

v.

DAVOL INC. and C. R. BARD, INC.,

Defendants.

Civil Action No.: 3:08-cv-353-J-25HTS

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD INC.'S**
**<u>NOTICE OF REMOVAL</u>**

Defendant Davol Inc. ("Davol") and Defendant C. R. Bard, Inc. ("Bard") (collectively the "Defendants"), with full reservation of all defenses, objections, and exceptions, including but not limited to service, venue, and statute of limitations, remove the above-captioned action from the Circuit Court in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As support, Defendants state the following:

**I.**

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. Plaintiffs filed a lawsuit against Bard and Davol in the Circuit Court in and for Duval County, Florida, on or about January 30, 2008. Bard was served on March 20, 2008; Davol has not been served yet. Neither Bard nor Davol has answered Plaintiffs' Complaint in Duval County.

2. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Ex. A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court in and for Duval County, Florida, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 89(b).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b). It has been filed within 30 days of the first date on which Defendants received a copy of the Plaintiffs' Complaint through service.

5. In accordance with 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the Clerk of Duval County, Florida, where Plaintiffs' Complaint is pending. A copy of this of Notice of Removal and the written notice of same are also being served upon Plaintiffs' counsel.

**II.**

**THIS COURT HAS DIVERSITY JURSIDICTION**

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A.**

**The Parties are Completely Diverse**

7. Plaintiffs are residents of Inverness, Florida. (*See* Compl. ¶¶ 11, 171.)

8. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

9. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

**B.**

**The Amount in Controversy Requirement is Satisfied**

10. The amount in controversy has been met. Plaintiffs expressly seek damages in the sum of ten million dollars. (*see* Compl. ¶ 52) Defendants believe in good faith, as set forth below, that more than $75,000 is actually in controversy, and therefore the amount-in-controversy of 28 U.S.C. § 1332(a) has been met.

11. The amount-in-controversy requirement is met here because the severity of injuries alleged in Plaintiffs' Complaint makes it "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (determining that removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

12. In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard and have pled an amount in controversy greater than $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (looking to other cases involving the same product to resolve amount-in-controversy inquiry); *see,*

*e.g.*, *Lord v. Davol Inc. & C.R. Bard, Inc.*, No. 5:07-cv-360-0C-10GRJ (M.D. Fla. filed Sept. 4, 2007) (alleging damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *Sanchez v. Davol Inc. & C.R. Bard, Inc.*, No. 07-cv-21928 (S.D. Fla. filed July 27, 2007) (same) (Ex. C); *Montgomery v. Davol Inc. & C.R. Bard, Inc.*, No. 3:07-cv-176-RV-EMT (N.D. Fla. filed Apr. 20, 2007) (same) (Ex. D); *Staton v. Davol Inc. & C.R. Bard, Inc., et al.*, No. 07-cv-1033-S (N.D. Ala. filed Apr. 18, 2007) (alleging damages of $2 million) (Ex. E). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Circuit Court in and for Duval County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Date: April 8th, 2008

Respectfully submitted,

[signature]

John M. Kvartek
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200
Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been furnished by First Class U.S. Mail to Stephanie J. Hartley, Esq., Wilner Block, P.A., 3127 Atlantic Blvd., Suite 3, Jacksonville, FL 32207 this 8th day of April, 2008.

John M. Kvartek

A0334647